Frederick Clarence SMITH,
Petitioner-Appellant,

v.

Marvin R. HOGAN, Warden,
Respondent-Appellee.

No. 75–2893

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1976.

Frederick C. Smith, pro se.

John W. Stokes, U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellant Smith, who is presently serving a six year sentence for bank robbery, 18 U.S.C.A. § 2113(a), (d), imposed by the District Court for the Central District of California on June 27, 1973, petitioned the District Court for the Northern District of Georgia for a writ of habeas corpus on the ground that the order of commitment of the sentencing Judge was improperly enforced. The District Judge dismissed the writ for lack of jurisdiction under § 2255. As we are now fully apprised of facts from the Bureau of Prisons, some of which were not known to the District Judge, we affirm the denial of habeas relief.

Smith was paroled in 1969 after serving five and one half years of a federal sentence imposed in 1964 by the Western District of Kentucky.[1] In 1973 Smith was convicted of two federal offenses by the District Court for the Central District of California. Judge Gray sentenced Smith to serve seven years, later reduced to one year, and, following a guilty plea, Judge Whelan sentenced Smith to a six year term for violation of

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. Smith was originally sentenced to twenty years on April 21, 1964. On appeal the Sixth Circuit vacated the judgment and remanded for entry of a corrected judgment. On September 28, 1967 Smith was resentenced to 20 years with credit for the prior time served since his arrest December 26, 1963.

18 U.S.C.A. § 2113, the sentence which is the subject of this appeal.

The District Judge below was apparently uncertain about the intent and precise language of Judge Whelan's order. Any confusion about the meaning of the order has been clarified, as this Court has received from the Central District of California a copy of the order.

Judge Whelan's order states that the six year sentence is to run consecutive to the one year sentence imposed by Judge Gray. Smith has now completed the one year sentence. The problem in this case is created by a further part of Judge Whelan's order.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sentence herein imposed shall, in the event that the defendant's present parole is revoked and that he is imprisoned under such parole as a result of parole revocation as distinguished from his imprisonment because of his sentence from Judge Gray, then that sentence herein imposed shall run concurrently with his imprisonment upon a parole violation. . . .

Judgment and commitment order filed June 27, 1973 in No. 12712.

In support of his habeas petition Smith argues that the Judge Whelan six year sentence was to begin only *if* he were imprisoned for violation of parole under the 1964 Kentucky sentence. Since that parole has never been revoked, Smith contends that he is illegally incarcerated. We are unable to accept Smith's reading of Judge Whelan's order.

The order clearly states that the six year sentence is to run concurrently with any sentence for parole violation only "in the event that [Smith's] present parole is revoked and that he is imprisoned . . as a result of parole revocation . . .." The Judge intended only that Smith have the advantage of concurrent sentences rather than serving the sentence for the bank robbery conviction consecutive to any imprisonment following parole revocation. Judge Whelan's order clearly does not state that Smith's six year sentence is not to begin *unless* Smith is imprisoned due to parole revocation.

Affirmed.